**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALVIN PIERRE, JR.**<br>**LA. DOC #331552** | **CIVIL ACTION NO. 6:10-cv-0024** |
| **VS.** | **SECTION P** |
| **LCS CORRECTIONS SERVICES, INC.** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Alvin Pierre, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Louisiana on November 3, 2009.[1] The action was subsequently transferred to this court. [rec. doc. 6]. Plaintiff is currently incarcerated at the Caldwell Detention Center. In his Complaint and Amended Complaint, plaintiff alleges that he was subjected to unconstitutional conditions of confinement while incarcerated at the Basile Detention Center (BDC) in January 2008, which allegedly caused him to contract an "infectious rash", for which he was denied adequate medical care, and that he was denied a furlough to attend his mother's May 2, 2008 funeral while incarcerated at J.B. Evans Detention Center (JBEDC).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing

[1]Plaintiff signed his Complaint on November 3, 2009 and the Complaint was received for filing by the United States District Court for the Eastern District of Louisiana on November 5, 2009. Plaintiff has therefore been given the benefit of the "mailbox rule."

orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

## Factual Background

In his Complaint and Amended Complaint, plaintiff alleges that, while incarcerated at the BDC on January 4, 2008, he was forced to give up his bunk and sleep on the floor on his mattress for eleven days because a number of immigration detainees were transferred to the facility. When plaintiff complained, he was told that it was none of his business and he should do as he was told. When plaintiff attempted to clean the floor around his mattress, on January 15, 2008, he was placed in lock-down and charged with defiance by BDC Lieutenant Celestine.

During the period that plaintiff slept on the floor on his mattress, he alleges that he contracted an "infectious rash". In February 2008, plaintiff requested medical treatment. He was seen by BDC Nurses Slaughter and Michelle who allegedly saw that plaintiff's genitals were swollen. They told plaintiff that he needed to be seen by a skin doctor. However, the institution did not pay for those types of services. Plaintiff was transferred to the JBEDC on March 24, 2008, where he remained for twenty-two months. Upon his arrival, plaintiff was diagnosed with "some type of epidermal infection" for which he was prescribed an ointment.

Plaintiff further alleges that on April 26, 2008, his mother passed away. He was instructed to confer with JBEDC Captain McTear concerning arrangements for plaintiff

to attend the funeral in Marrero, Louisiana. On May 2, 2008, plaintiff's mother was laid to rest. However, plaintiff was not taken to the funeral. In response to plaintiff's inquiries, McTear allegedly told plaintiff that an inmate's attendance at a funeral was not an important issue at the facility.

## LAW AND ANALYSIS

**Screening**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). When "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations", those claims are properly dismissed as frivolous. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

In his Complaint and Amended Complaint, plaintiff has set forth specific facts which he claims entitles him to relief. He has pleaded his best case. The facts alleged by plaintiff have been accepted as true for the purposes of this Report. Nevertheless, plaintiff's claims are subject to dismissal for the reasons that follow.

**I. Statute of Limitations**

The Supreme Court has held that the statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim arose. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute

of limitations provided by Louisiana Civil Code article 3492 in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980); *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). However, the date of accrual for a § 1983 claim is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007); *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).

Here, plaintiff complains of allegedly unconstitutional conditions of confinement in January, 2008 and denial of adequate medical care in February, 2008 while he was incarcerated at the BDC, prior to his March 24, 2008 transfer to JBEDC. He further complains that he was not permitted to attend his mother's funeral on May 2, 2008 when plaintiff was incarcerated at JBEDC. Plaintiff was undoubtedly aware of each alleged unconstitutional action on the date each occurred. More specifically, plaintiff was aware that he was forced to sleep on the floor at BDC on January 4 through 15, 2008, that he was confined to lock-down on January 15, 2008, and that he was denied medical care by the BDC nurses in February, 2008, when he first complained, until March 24, 2008, when he was transferred to JBEDC where he received treatment.

Moreover, plaintiff was aware that he was denied a furlough to attend his mother's funeral on May 2, 2008 when she was laid to rest. Thus, under federal law, plaintiff's claims regarding the conditions of confinement and medical care at the BDC accrued, at the latest, on March 24, 2008, when plaintiff was transferred from the institution, and his

claims regarding his mother's funeral accrued, at the latest, on May 2, 2008, when plaintiff's mother was laid to rest, because by these dates, plaintiff either knew, or should have known, the facts on which his alleged constitutional violations are based, whether or not he realized a legal cause of action existed. *See Piotrowski*, 51 F.3d at 516 *quoting Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981).

Since plaintiff's claims regarding the BDC accrued, at the latest, on March 24, 2008, plaintiff had one year, or until March 24, 2009 to file his federal § 1983 action. Likewise, since plaintiff's claims regarding his mother's funeral accrued, at the latest, on May 2, 2008, plaintiff had one year, or until May 2, 2009 to file his federal § 1983 action. However, this action was not filed until November 3, 2009, over one and one half years after his claims accrued and over six months after the limitation period had expired. Thus, plaintiff's § 1983 action is clearly barred by the one year statute of limitations. Accordingly, plaintiff's claims should be dismissed on this basis as frivolous.[2] *Moore v. McDonald*, and *Gartrell v. Gaylor*, *supra*.

**II. Conditions of Confinement**

Even if plaintiff's Complaint had been timely filed, he has failed to state a claim upon which relief may be granted. Plaintiff complains that he slept on the floor on a

---

[2]While the Fifth Circuit has determined that the statute of limitations should be tolled while a prisoner is pursuing administrative remedies because exhaustion of such remedies is mandatory before a prisoner can file his § 1983 complaint, in this case, plaintiff admits that he did not file any administrative grievances with regard to his claims concerning either the BDC or the JBEDC. *Harris v. Hegmann*, 198 F.3d 153, 157-58 (5th Cir. 1999); rec. doc. 1, ¶II(B)(1).

mattress for eleven days. However, that claim does not implicate the constitution. The United States Constitution does not require that prisoners be provided an elevated bed. *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (rejecting pretrial detainee's claim that forcing him to sleep on the floor was unconstitutional); *Castillo v. Bowles*, 687 F.Supp. 277, 281; (N.D. Tex. 1988) *Starks v. Bowles*, 682 F.Supp. 891 (N.D. Tex. 1988), *affd*, 851 F.2d 1419 (5th Cir. 1988); *Morrison v. Guzman,* 2010 WL 724173, *7 (E.D. La. 2010) (and cases cited therein). Thus, the fact that plaintiff alleges he was forced to sleep on the jail floor on a mattress does not give rise to a violation of his constitutional rights and is not cognizable under §1983. Accordingly, plaintiff's claim should be dismissed as frivolous and as failing to state a claim upon which relief may be granted.

Furthermore, to the extent that plaintiff's allegations may be construed as asserting unsanitary floor conditions, such allegations do not state a claim under the Eighth Amendment. There are two requirements that must be met to show that a prison official has violated the Eighth Amendment. The first is an objective requirement necessitating that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to constitute cruel and unusual punishment. *Farmer,* 114 S.Ct. at 1977 *quoting Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2399, 69 L.Ed.2d 59 (1981); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) ("[t]o establish an Eighth Amendment claim, the prisoner must

demonstrate, inter alia, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need").

Second, the prison official must have acted with a sufficiently culpable state of mind. *Farmer*, 114 S.Ct. at 1977; *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). A prison official's culpable state of mind is one of deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Farmer*, 114 S.Ct. at 1979. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Farmer,* 114 S.Ct. at 1980. Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim. *Farmer,* 114 S.Ct. at 1978; *Sibley*, 184 F.3d at 489.

The second subjective component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities. *Davis v. Scott*, 157 F.3d 1003, 1006 (1998).

With respect to any alleged unsanitary conditions, plaintiff has failed to demonstrate that he was subjected to an objectively sufficiently serious deprivation. There is clearly a point beyond which a prison cell's conditions are so unsanitary as to render them unconstitutional. *See e.g. Gates v. Cook,* 376 F.3d 323, 338 (5th Cir. 2004) (confinement in " 'extremely filthy' [cells] with crusted fecal matter, urine, dried

ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). However, the conditions alleged by plaintiff do not rise to that level, and the undersigned notes that much more egregious conditions have been found to be constitutional. *See Davis v. Scott*, 157 F.3d 1003 (5th Cir. 1998) (no constitutional violation found where prisoner alleged that he was housed for three days in a "filthy" cell with "blood on the walls and excretion on the floors"); *Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996) (prisoner who was housed for four days in cell with raw sewage from an overflowing toilet failed to state an Eighth Amendment claim). Simply because a dorm is less sanitary than a prisoner would like does not render the conditions unconstitutional. *See Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."); *Wilson v. Lynaugh*, 878 F.2d 846, 849 & n. 5 (5th Cir. 1989) (noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and that prisoners "cannot expect the amenities, conveniences, and services of a good hotel").

Furthermore, the Supreme Court has noted that "the length of confinement cannot be ignored" when evaluating a conditions of confinement claim. *Davis*, 157 F.3d at 1006 *citing Hutto v. Finney*, 437 U.S. 678, 686-87, 98 S.Ct. 2565, 2571 (1978). Thus, the Fifth Circuit and other circuits have rejected such claims when the length of confinement is of short duration. *Davis,* 157 F.3d at 1006 *citing Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996), *Shakka v. Smith*, 71 F.3d 162, 167-68 (4th Cir. 1995) (no Eighth

Amendment injury when prisoner was given water and cleaning supplies but denied a shower for three days after having human excrement thrown on him), and *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) (noting the intolerable conditions lasted not more than 24 hours and therefore, no constitutional violation found for convicted inmate or his pretrial detainee cell mate); *Hamilton v. Lyons*, 74 F.3d 99, 106-107 (5th Cir. 1996) (denial of visitation, telephone access, recreation, mail, legal materials, sheets and showers for a three day period to a detained parolee does not give rise to a constitutional claim) *citing Mann*, 796 F.2d at 85-86 and *Cruz v. Hauck*, 515 F.2d 322, 333 (5th Cir. 1975) (noting that prisoners not confined at a facility for long enough time to petition the courts had no right of access to legal materials). In the case at hand, plaintiff complains that he was forced to sleep on a mattress on the floor for only eleven days. Clearly, such a brief period under the circumstances does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities.

In sum, although the conditions of plaintiff's confinement may have been uncomfortable and even harsh, the conditions did not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Rhodes*, 452 U.S. at 347. Accordingly, plaintiff has failed to set forth a claim upon which relief may be granted as he has not demonstrated a sufficiently serious deprivation.

**II. Placement in Administrative Segregation**

Plaintiff implies that his due process rights were violated when he was placed in administrative segregation by Lt. Celestine. This allegation, taken as true for the purposes of this Report, fails to state a claim for which relief might be granted pursuant to 42 U.S.C. § 1983. This is so because "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The federal jurisprudence holds, that while the states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Thus, relying on *Sandin*, the Fifth Circuit has found that placement in "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.' " *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) *quoting Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (*per curiam*) (absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.); *Madison v.*

*Parker*, 104 F.3d 765, 768 (5th Cir.1997) (mere changes in the conditions of confinement do not implicate due process concerns).

Accordingly, the undersigned finds that plaintiff's confinement in lock down for such a relatively short period did not amount to an"atypical" hardship and therefore, insofar as plaintiff complains about that confinement, his claim is frivolous.

**III. Funeral**

Finally, plaintiff complains that he was denied a furlough to attend his mother's funeral. However, it has been consistently held that a prisoner has no constitutional right to leave prison to attend a funeral, that is, denial of permission to attend a funeral does not implicate any constitutionally protected liberty interest. *Thomas v. Neustrom,* 2009 WL 5125391, *3 (W.D. La. 2009) *citing Verrone v. Jacobson*, 1999 WL 163197, *5 (S.D. N.Y. 1999), *Butler v. Snyder*, 106 F.Supp.2d 589, 595 (D. Del. 2000), *Green v. Coughlin*, 1995 WL 498808, *1 (S.D. N.Y. 1995), *Colon v. Sullivan*, 681 F.Supp. 222, 223 (S.D. N.Y.1988) and *Mercer v. Green Haven Correctional Facility*, 1998 WL 85734, *3 (S.D. N.Y. 1998); *Hilliard v. Andrews,* 2005 WL 1629954, *2 (W.D. La. 2005); *Champagne v. Terrell,* 2007 WL 2772817, *3 (W.D. La. 2007)*; Merritt v. Broglin*, 891 F.2d 169, 174 (7th Cir. 1989); *Carson v. Quarterman,* 2009 WL 1505389, *22 (E.D. Tex. 2009) *citing Cruz v. Sielaff*, 767 F.Supp. 547, 550 (S.D. N.Y. 1991); *Hipes v. Braxton*, 878 F.Supp. 56, 57-58 (W.D. Va. 1995); *Alley v. Kansas*, 1997 WL 695590 (D. Kan. 1997); *Morris v. McCotter*, 773 F.Supp. 969 (E.D. Tex. 1991); *Briggs v. Fields*, 61 F.3d 915 (10th Cir.

1995) (unpublished) *Lamb v. Burke*, 59 F.3d 170 (6th Cir. 1995) (unpublished); *Burks v. Harris*, 56 F.3d 64 (6th Cir. 1995) (unpublished); *McPeak v. Tennessee Department of Corrections*, 915 F.2d 1572 (6th Cir. 1990) (unpublished); *McMullen v. Hambrick*, 1 F.3d 1241 (6th Cir. 1993) (unpublished); *McGee v. Grant,* 863 F.2d 883 (6th Cir. 1988) (unpublished). Accordingly, plaintiff has not stated a constitutional claim cognizable under § 1983 and this claim must be dismissed as failing to state a claim upon which relief may be granted.

For the reasons set forth above;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either**

**the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana on October 20, 2010.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE